UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAULA MARTIN, SKYE MARTIN,
CHEYENNE MARTIN, KAELAN TASSI,
And CHRISTOPHER TASSI,
    Plaintiffs,

v.                                Civil Action No. _____

DERICK WEEBOTHEE and GOVERNMENT
EMPLOYEES INSURANCE COMPANY, a
foreign corporation doing business in New Mexico,
    Defendants.

_____

## NOTICE OF REMOVAL
_____

    COMES NOW, Defendant Government Employees Insurance Company, (hereafter, "GEICO"), by and through its undersigned attorneys, Perry Law, PC (Meloney Perry and Stacy Thompson), hereby files its Notice of Removal pursuant to 28 U.S.C. §§1332, 1441 and 1446, and in support thereof states the following:

    1.    Plaintiffs filed their Complaint for Punitive Damages ("hereinafter "Complaint") against GEICO and Derick Weebothee. (*See* Plaintiffs' Complaint, hereto attached as Exhibit A).

    2.    Plaintiffs' Complaint was filed in The Second Judicial District Court, County of Bernalillo, State of New Mexico, as Cause Number D-202-CV-2016-06977 on November 8, 2016. (hereinafter "State Court Action"). (*See id.*)

    3.    Defendant GEICO was served through the Superintendent of Insurance who accepted service on behalf of GEICO, on November 28, 2016. Therefore, removal is timely.

(*See* November 28, 2016 Letter from New Mexico Superintendent of Insurance attached hereto as Exhibit B).

4. Plaintiffs Paula Martin, Skye Martin, and Cheyenne Martin allege they were residents of Bernalillo County, New Mexico. (*See* Exhibit A. at ¶ 1). Plaintiffs Christopher Tassi and Kaelan Tassi allege they were residents of Snohomish County, Washington. (*Id*. at ¶ 2).

5. Plaintiffs allege that Derick Weebothee was a resident of Bernalillo County, New Mexico. (*Id.* at ¶ 3).

6. Plaintiffs allege that GEICO was a foreign corporation doing business in Bernalillo County, New Mexico. (*Id.* at ¶ 4).

7. Plaintiffs do not make any allegations as to the principal place of business of GEICO. (*Id*.).

8. Defendant GEICO is incorporated in Maryland and its principal place of business is in Maryland.

9. Pursuant to 28 U.S.C. § 1441(b)(2), removal based on diversity of citizenship requires that no properly joined and served party of interest diversity be a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b)(2).

10. A federal district court possesses original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds seventy-five thousand dollars. 28 U.S.C. § 1332(a).

11. Defendant Weebothee was unserved at the time of removal.

12. Pursuant to 28 U.S.C. § 1441(b)(2), removal based on diversity of citizenship requires that no properly joined and served party of interest be a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b)(2).

13. The State Court Action alleges that Weebothee was a passenger of a vehicle driven by William Tsethlikia which struck the Plaintiffs' vehicle. Weebothee allegedly exited the vehicle, physically assaulted one or more Plaintiffs, then fled on foot. (*See* Plaintiffs' Complaint, ¶¶ 9-12).

14. Plaintiffs received compensatory damages under Tsethlikia's liability insurance policy, but received no compensation for punitive damages under that policy. (*Id*. at ¶¶ 16-17).

15. Plaintiffs allege they sustained injuries and damages as a result of Tsethlikia's and Weebothee's actions, but do not seek any damages against Weebothee. (*Id*. at ¶ 19).

16. Plaintiffs are asserting claims against GEICO for punitive damages under Plaintiff Skye Martin's uninsured/underinsured automobile insurance policy with GEICO due to Weebothee's and Tsethlikia's actions. (*Id*. at ¶ 18).

17. Upon information and belief, Plaintiffs previously filed suit in state court against Tsethlikia and Weebothee in Cause No. D-202-CV-2015-01800, on March 9, 2015, and dismissed that lawsuit on May 11, 2016 ('the underlying lawsuit"), more than a year after the underlying lawsuit was filed. Weebothee was never served in the underlying lawsuit.

18. GEICO believes that Weebothee has been improperly joined in this matter.

19. A federal district court possesses original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds seventy-five thousand dollars. 28 U.S.C. § 1332(a). Removal based on diversity of citizenship requires that none of the parties in interest **properly joined** and served as defendants is a citizen of the State in

which such action is brought. 28 U.S.C. § 1441(b) (emphasis added). The doctrine of fraudulent joinder allows a defendant to remove a case to federal court based upon diversity jurisdiction, in the absence of complete diversity, and challenge the cause of action against the non-diverse defendant. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991); *Hernandez v. Menlo Logistics, Inc.*, No. CIV 12-0907 JB/WPL, 2013 WL 5934411, at 14-17 (D.N.M. Sept. 30, 2013)(Browning, J.).

20. The term "fraudulent joinder" is a term of art; it does not reflect on the integrity of the plaintiff or counsel, but rather exists regardless of the plaintiff's motives. *Chilton Private Bank v. Norsec-Cook, Inc.*, 99 B.R. 402, 403 (N.D. Ill. 1989). When the circumstances do not justify the inclusion of a defendant, the defendant is said to be "fraudulently joined." *Id.*

21. Plaintiffs allege no claims and seek no damages against Weebothee. Instead, Plaintiffs are seeking to recover from GEICO under Skye Martin's UM/UIM policy for the punitive damages they allegedly sustained due to Weebothee's and Tsethlikia's actions. Plaintiffs do not have a viable claim against Weebothee. Weebothee is thus improperly joined. Accordingly, diversity of citizenship is present in this matter, as Weebothee's citizenship does not defeat diversity.

22. Further, to confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. §1332(a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See e.g., Laughlin v. Kmart Corp*, 50 p.3d, 871, 873 (10 Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y* 320 U.S. 238, 240 (1943); *Watson v. Blakenship,* 30 F.3d

383, 386 (10 Cir.1994). This calculation also includes attorney's fees. *See Miera v. Dairyland Ins. Co.,* No. 96-0136-M, mem.Op. (D.N.M. Feb. 28, 1996)(denying remand of removed action based on availability of attorney's fees under New Mexico Unfair Claims Practice Act and Unfair Trade Practices Act. *See also 14A Wright v. Miller, Federal Practice and Procedure,* §3712, at 176-78, and authorities cited therein; *Foret v. Souther Farm Bureau Life Ins. Co.,* 918 F. 2d 534, 537 (5 Cir. 1990). The calculation also includes treble damages claims.

23. The five Plaintiffs seek punitive damages against Skye Martin's UM/UIM policy due to alleged intoxication of Tsethlikia and the alleged assaults and batteries of both Tsethlikia and Weebothee.

24. The limits in the GEICO policy were $100,000 for each person/$300,000 each occurrence. (*See* Exhibit C, Declarations Page). Therefore, the five Plaintiffs are seeking punitive damages up to the limits of the policy, or $100,000 each person/$300,000 each occurrence.

25. Less than thirty (30) days have passed since Defendant GEICO was served a copy of the initial pleading on this matter. *See* Exhibit B.

26. By and through this Notice of Removal, Defendant removes all claims asserted against it on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

27. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiffs on this date.

28. Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a Notice of Filing Notice of Removal in the State Court Action, a copy of which is hereto attached as Exhibit D without "Exhibit 1."

29. Pursuant to Fed.R.Civ.P. 81(c)(2) Defendant will file its Answer within seven (7) days of this Notice.

30. Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-CIV. 81.1(a), all process, pleadings, and orders from the State Court Action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight days (28) of this Notice.

31. A Civil Cover Sheet for this Court is hereto attached as Exhibit E.

32. The matters in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs. Specifically, the five Plaintiffs have alleged punitive damages against the uninsured motorist coverage of $100,000 each person/$300,000 each occurrence.

WHEREFORE, Defendant GEICO gives notice that this case is removed from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to the United States District Court for the District of New Mexico.

Respectfully submitted,

*/s/ Meloney Perry*
Meloney Perry, #35379
Stacy Thompson, #49326
**PERRY LAW P.C.**
10440 N. Central Expressway, Suite 600
Dallas, Texas 75231
Telephone: (214) 265-6201
Facsimile: (214) 265-6226
E-mail: mperry@mperrylaw.com
sthompson@mperrylaw.com

*Attorneys for Government Employees Insurance Company*

Defendant's address:
5260 Western Avenue
Chevy Chase, Maryland 20815

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of December, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Richard W. Sutten
WHITENER LAW FIRM, PA
4110 Cutler Avenue NE
Albuquerque, New Mexico 87110
richard@whitenerlaw.com
*Attorney for Plaintiffs*

                                                */s/ Meloney Perry*
                                                Meloney Perry

00051561.DOCX