IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAULA MARTIN, SKYE MARTIN,
CHEYENNE MARTIN, KAELAN TASSI,
and CHRISTOPHER TASSI,

        Plaintiffs,

v.                                             CV 16-1411 MV/SCY

DERICK WEEBOTHEE and GOVERNMENT
EMPLOYEES INSURANCE COMPANY, a foreign
corporation doing business in New Mexico,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Derick Weebothee ("Motion to Dismiss") [Doc. 19], Defendant's Motion for Leave to File Supplemental Briefing Regarding Defendant's Motion to Dismiss Derek [sic] Weebothee in Light of Return of Service Filed by Plaintiffs ("Motion for Leave") [Doc. 28], Plaintiffs' Motion to Extend Deadline to Effectuate Service of Defendant Derick Weebothee ("Motion to Extend") [Doc. 34], and Plaintiffs' First Amended Motion to Remand ("Amended Motion to Remand") [Doc. 35]. The Court, having considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that Plaintiffs' Motion to Extend, Defendant's Motion to Dismiss and Defendant's Motion for Leave are well-taken and will be granted, and Plaintiffs' Amended Motion to Remand is not well-taken and will be denied.

### BACKGROUND

On April 24, 2014, Plaintiff Cheyenne Martin was driving a car, owned by her brother, Plaintiff Skye Martin, in Albuquerque. Doc. 1-1 at ¶¶ 7-8. Plaintiffs Kaelan Tassi and

1

Christopher Tassi were passengers in the car. Id. at ¶ 8. Plaintiffs' car was hit by a car driven by William Tsethlikia, who was under the influence of drugs and/or alcohol. Id. at ¶¶ 10, 15. Defendant Derick Weebothee was a passenger in Tsethlikia's car. Id. at ¶ 9. After the collision, Tsethlikia and Weebothee verbally and physically assaulted one or more Plaintiffs, and then fled the scene on foot. Id. at ¶¶ 11-12.

As a result of the collision and ensuing altercation, on March 9, 2015, Plaintiffs filed suit in state court against Tsethlikia and Weebothee. Doc. 37 at ¶ 1. Plaintiffs dismissed that lawsuit on May 11, 2016, without ever serving Weebothee. Id.

Thereafter, on November 8, 2016, Plaintiffs commenced the instant action in state court, naming Government Employees Insurance Company ("GEICO") and Weebothee as Defendants. Doc. 1-1. Plaintiffs are residents of Bernalillo County, New Mexico. Id. at ¶ 3. GEICO is incorporated in Maryland and its principal place of business is in Maryland. Doc. 1 at ¶ 8. Weebothee is a resident of Bernalillo County, New Mexico. Doc. 1-1 at ¶ 3.

On November 28, 2016, Plaintiffs served Defendant Government Employees Insurance Company ("GEICO"). Doc. 37 at ¶ 3. GEICO removed the action to this Court on December 28, 2016, on the basis of diversity jurisdiction, asserting improper joinder. Id. at ¶ 4. Specifically, GEICO's notice of removal provides:

> Plaintiffs allege no claims and seek no damages against Weebothee. Instead, Plaintiffs are seeking to recover from GEICO under Skye Martin's UM/UIM policy for the punitive damages they allegedly sustained due to Weebothee's and Tsethlikia's actions. Plaintiffs do not have a viable claim against Weebothee. Weebothee is thus improperly joined. Accordingly, diversity of citizenship is present in this matter, as Weebothee's citizenship does not defeat diversity.

Doc. 1 at ¶ 21.

On March 2, 2017, the Court held a scheduling conference during which it addressed the status of service on Weebothee. Doc. 11. The Court proposed giving Plaintiffs an additional

21 days to effect service on Weebothee. Id. Counsel for both parties agreed to this proposal. Id.

As of June 9, 2017, Plaintiffs had not served Weebothee. Doc. 19 at ¶ 5. As a result, GEICO filed its Motion to Dismiss, requesting that the Court dismiss Weebothee from the action. Doc. 19. Plaintiffs filed no response to GEICO's Motion to Dismiss. On July 27, 2017, GEICO filed a Notice of Completion of Briefing for Defendant's Motion to Dismiss. Doc. 22.

Four days later, on July 31, 2017, Plaintiffs filed a Certificate of Service. Doc. 23. The Certificate of Service states that Stephanie Weebothee a/k/a/ Stephanie Francisco, Weebothee's mother, was served with a copy of Plaintiffs' Original Complaint for Personal Injury and Punitive Damages and Summons at his last known residential address, 2401 Storm Tower Street SW, Albuquerque, New Mexico. Id.

The next day, on August 1, 2017, Plaintiffs filed their first motion to remand. Doc. 24. In support of that motion, Plaintiffs stated that, "[a]fter a long and arduous undertaking, Plaintiff [sic] recently located and successfully effectuate [sic] service upon Weebothee in Albuquerque New Mexico." Id. at ¶ 4. Plaintiffs argued that, "having effectuated service upon Weebothee, there no longer exists complete diversity of citizenship," and thus that remand is required. Id. at ¶ 6.

In light of the return of service filed by Plaintiffs in support of their motion to remand, on August 11, 2017, GEICO filed its Motion for Leave, and attached supplemental briefing in further support of its Motion to Dismiss. Doc. 28. In its supplemental brief, GEICO argues that Plaintiffs did not properly serve Weebothee, and that accordingly, this Court lacks personal jurisdiction over him. Id. Specifically, GEICO notes that after removal of the action,

3

Plaintiffs were required to secure a summons from this Court and serve it upon Weebothee. Plaintiffs did not obtain a federal summons, but instead attempted to serve Weebothee with a New Mexico state court summons. Id. at 5. On August 15, 2017, GEICO filed a response in opposition to Plaintiffs' motion to remand, repeating the argument set forth in its supplemental brief that Plaintiffs failed to effect service on Weebothee and failed to establish good cause for that failure. Doc. 29. Plaintiffs filed no response in opposition to GEICO's Motion for Leave and no reply to GEICO's opposition to their motion to remand.

Apparently conceding the fact that they had failed to properly effectuate service on Weebothee, Plaintiffs filed their Motion to Extend, retroactively requesting an extension of time to attempt service on Weebothee again – this time with a federal summons – until October 20, 2017. Doc. 34. In the Motion to Extend, Plaintiffs state that they served Weebothee with a federal summons on October 19, 2017, and note that on October 19, 2017, they filed a "Proof of Service." Id. at ¶ 20. The "Proof of Service" indicates that the summons was again left with Weebothee's mother, Stephanie Weebothee, at 2401 Storm Tower Street SW, Albuquerque, New Mexico. Doc. 33.

Also apparently conceding that their first motion to remand was not well-taken because their earlier service of Weebothee with a state summons was improper, Plaintiffs filed their Amended Motion to Remand on November 1, 2017. Doc. 35. The Amended Motion rendered moot their original motion to remand. In their Amended Motion to Remand, Plaintiffs argue that because Weebothee was served with a summons issued by this Court on October 19, 2017, there no longer exists complete diversity of citizenship and remand thus is required. Id. at ¶ 9.

GEICO disagrees with Plaintiffs that their October 19, 2017 attempt to serve Weebothee was successful. On the basis that Plaintiffs have failed to either properly serve Weebothee or

articulate good cause for this failure, GEIGO filed a response in opposition to Plaintiffs' Leave to Extend, Doc. 36, and a response in opposition to Plaintiffs' Amended Motion to Remand. Doc. 37. Plaintiffs filed no reply to either of GEICO's responses in opposition.

## DISCUSSION

Currently pending before the Court are Plaintiffs' Motion to Extend, Defendant's Motion for Leave, Defendant's Motion to Dismiss, and Plaintiffs' Amended Motion to Remand. First, with regard to Plaintiffs' Motion to Extend, Plaintiffs retroactively sought an extension of time within which to serve Weebothee. The Court finds no prejudice in allowing that extension and therefore will grant the request. Similarly, with regard to GEICO's Motion for Leave, given Plaintiffs' lack of opposition and Plaintiffs' filing of a certificate of service after the completion of briefing on Defendant's Motion to Dismiss, the Court will grant GEIGO's request. As set forth herein, the Court finds that Plaintiffs have failed to properly serve Weebothee or articulate good cause for that failure, and that Plaintiffs are not entitled to any further extension of time to effect service. Accordingly, the Court will grant Defendant's Motion to Dismiss and deny Plaintiff's Amended Motion to Remand.

A federal court may exercise jurisdiction over a matter only if it has personal jurisdiction over the parties involved. *United States v. Parcel of Real Estate Located at 62 Valle Hermosa Road*, No. 00-cv-563, 2007 WL 6875453, at *4 (D.N.M. Aug. 10, 2007). To acquire personal jurisdiction over a defendant, the plaintiff "must satisfy the procedural requirement of service of a summons." *Id.* Accordingly, "[e]ffectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). [T]he plaintiff has the burden of establishing personal jurisdiction and of establishing the validity of service of process." *Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992).

5

If the plaintiff fails to meet its burden of establishing the validity of service, dismissal of the lawsuit as against the defendant who was insufficiently served is authorized under Rule 12(b)(5) of the Federal Rules of Civil Procedure. *Exec. Consulting v. Kilmer*, 931 F. Supp. 2d 1139, 1140 (D.N.M. 2013). Similarly, under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m), does, however, provide an exception where the plaintiff shows good cause for the failure to serve the defendant within the 90-day period, providing that, where such good cause is shown, "the court must extend the time for service for an appropriate period." *Id.*

"Neither actual notice nor simply naming the person in the caption of the complaint will subject [a] defendant to personal jurisdiction if service was not made in substantial compliance with Rule 4 [of the Federal Rules of Civil Procedure]." *Love v. Hayden*, 757 F. Supp. 1209, 1211 (D.N.M. 1991) (citation omitted). Where, as here, the defendant at issue is an individual, Rule 4(e) of the Federal Rules of Civil Procedure provides for service by one of the following means:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who lives there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

For purposes of Rule 4(e)(1), this Court looks to New Mexico Rule 1-004(F). Rule

6

1-004(F) requires:

> process be made by one of the following methods, and in the following order. First, service of process may be made to the individual, personally or by mail or commercial courier service, "provided that the envelope is addressed to the named defendant and . . . the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package." Second, and only if the first method fails, service may be made by delivering a copy of the process to someone over the age of fifteen residing at the defendant's usual place of abode, and by mailing a copy of the process to the defendant's last known mailing address by first class mail. Third, and only if the second method fails, service may be made by delivering a copy of process to the defendant's place of business or employment, and mailing a copy of process by first class mail to both the defendant's last known mailing address by first class mail and the defendant's place of employment.

*Exec. Consulting*, 931 F. Supp. 2d at 1140 (quoting N.M.R.A. 1-004(F)); *see also Edmonds v. Martinez*, 215 P.3d 62, 66 (N.M. Ct. App. 2009) (the failure to employ all methods identified in Rule 1-004(F), and in the right order, renders service ineffective).

In the instant case, Plaintiffs have failed to establish that Weebothee was served by any of the means enumerated in Rule 4(e). The proof of service filed by Plaintiffs indicates that the summons was served upon Stephanie "Weethobee [sic]" at 2401 Storm Tower Street SW, Albuquerque, New Mexico. Doc. 33. Because the process server did not "deliver[] a copy of the summons and complaint to [Derick Weebothee] personally, or "deliver[] a copy" to "an agent authorized by appointment or by law to receive service of process," service was not made pursuant to subsections (2)(A) or (C) of Rule 4(e). Admittedly, the process server did "leav[e] a copy" of the summons with Stephanie Weebothee, ostensibly "someone of suitable age and discretion" who lives at the address at which she was left with a copy of the summons. In order to comply with subsection 2(B) of Rule 4(e), however, a copy of the summons must be left "at the [defendant's] dwelling or usual place of abode." Plaintiffs have presented no evidence that 2401 Storm Tower Street SW, Albuquerque, New Mexico is Weebothee's "dwelling or usual place of abode."

Accordingly, Plaintiffs have failed to establish that they served Weebothee pursuant to any subsection of Rule 4(e)(2).

Nor have Plaintiffs established that they served Weebothee following New Mexico state law, pursuant to subsection (1) of Rule 4(e). It is undisputed that Plaintiffs did not even attempt to serve Weebothee, "personally or by mail," in accordance with Rule 1-004(F)(1). Accordingly, Plaintiffs were not entitled to move on to the second method of service. Indeed, even if Plaintiffs had unsuccessfully attempted process by the first method, Plaintiffs failed to comply with the second method of process set forth in Rule 1-0004(F)(2), namely, delivering a copy of the process to someone over the age of fifteen residing at the defendant's usual place of abode and mailing a copy of the process to the defendant's last known mailing address by first class mail. As noted above, there is no evidence that 2401 Storm Tower Street SW, Albuquerque, New Mexico is Weebothee's "usual place of abode." Further, there is no evidence that Plaintiffs mailed a copy of the summons to Weebothee's last known mailing address, by first class mail or otherwise. Accordingly, Plaintiffs were not entitled to move on to the third method of service. Again, even if they had been so permitted, there is no evidence that Plaintiffs complied with the third method of process (delivering a copy of the summons to Weebothee's place of business or employment and mailing a copy of the summons by first class mail to Weebothee's place of employment and last known mailing address).

Plaintiffs thus have failed to comply with any of the means of service available to them under Rule 4(e), and as a result, to date, service has not been made upon Weebothee. Under Rule 4(m), this Court thus must inquire as to "whether Plaintiffs have shown good cause for the failure to timely effect service." *Espinoza v. United States*, 52 F. 3d 838, 841 (10th Cir. 1995). The Court is directed to "follow the cases in this circuit that have guided that inquiry." *Id.* In

8

particular, the "good cause" provision must "be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit,* 13 F.3d 1436, 1438 (10th Cir.1994) (citation omitted). Further, neither "advertence [nor] negligence alone," nor "mistake of counsel," will suffice to establish "good cause." *In re Kirkland,* 86 F.3d 172, 176 (10th Cir.1996).

If Plaintiffs show good cause, they are "entitled to a mandatory extension of time." *Espinoza*, 52 F.3d at 841. If, however, Plaintiffs fail to show good cause, this Court "must still consider whether a permissive extension of time may be warranted." *Id.* In so considering, this Court has discretion to "either dismiss the case without prejudice or extend the time for service." *Id.* In determining whether to grant Plaintiffs a permissive extension of time, the Court is guided by the following factors: whether "the applicable statute of limitations would bar the refiled action," whether Plaintiffs were "faced with the complex requirements of multiple service under Rule 4(i);" and whether Plaintiffs are "proceeding pro se." *Id.* at 842.

Here, Plaintiffs have not shown good cause for their failure to serve Weebothee within 90 days of removal, or within the 21 extra days allowed by the Court at the March 2, 2017, scheduling conference. In their Amended Motion to Remand and Motion to Extend, Plaintiffs state merely that "despite their best efforts," they "had been unsuccessful locating and effectuating service upon Weebothee," until, "after a long and arduous undertaking," they were able to locate him "after he received a June, 2017 traffic citation in Bernalillo County, New Mexico." Plaintiffs nowhere provide any detail of their "best efforts" or of their "long and arduous undertaking" to locate and serve Weebothee, by the March 23, 2017, deadline set by the Court or thereafter. Indeed, nowhere do Plaintiffs acknowledge, much less explain, their failure to comply with any of the means of service available to them under Rule 4(e), even after they allegedly located

9

Weebothee.  Accordingly, Plaintiffs have not demonstrated that they diligently or meticulously made efforts to comply with Rule 4(e).  A mandatory extension pursuant to Rule 4(m) thus is not warranted.

Nor do any of the relevant factors militate in favor of a permissive extension of time.  Plaintiffs have presented no evidence that the applicable statute of limitations would bar an action refiled against Weebothee, the complex requirements of multiple service under Rule 4(i) are not at issue here, and Plaintiffs are not appearing pro se.  As noted above, the Court previously granted Plaintiffs an extension of time until March 23, 2017, to serve Weebothee.  Despite that extension, Plaintiffs made no attempt at service until July 28, 2017, and indeed, made no effort to obtain a federal summons until October 19, 2017.  Even after allegedly locating Weebothee and obtaining the proper summons, Plaintiffs inexplicably failed to serve Weebothee in accordance with Rule 4(e).  Accordingly, the Court, exercising its discretion based on the totality of the circumstances, declines to afford Plaintiffs a permissive extension of the time to serve Weebothee.  Weebothee thus will be dismissed from this lawsuit.

## CONCLUSION

Because Plaintiffs have failed to timely and properly serve Weebothee, and because Plaintiffs are not entitled to a mandatory or permissive extension of time within which to serve Weebothee, Weebothee will be dismissed from this lawsuit.   Without Weebothee, diversity of citizenship exists between the parties, and this Court thus has jurisdiction over this matter.  Accordingly, remand is not warranted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Derick Weebothee ("Motion to Dismiss") [Doc. 19], Defendant's Motion for Leave to File Supplemental Briefing Regarding Defendant's Motion to Dismiss Derek [sic.] Weebothee in

Light of Return of Service Filed by Plaintiffs ("Motion for Leave") [Doc. 28], and Plaintiffs' Motion to Extend Deadline to Effectuate Service of Defendant Derick Weebothee ("Motion to Extend") [Doc. 34] are **GRANTED**; and Plaintiffs' First Amended Motion to Remand ("Motion to Remand") [Doc. 35] is **DENIED**, as follows: Defendant Derick Weebothee is dismissed without prejudice from this action, and this action will not be remanded to state court.

DATED this 30th day of July, 2018.

_____
MARTHA VAZQUEZ
United States District Judge