IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAULA MARTIN, SKYE MARTIN,
CHEYENNE MARTIN, KAELAN TASSI,
and CHRISTOPHER TASSI,

      Plaintiffs,

v.                                                    CV 16-1411 MV/SCY

DERICK WEEBOTHEE and GOVERNMENT
EMPLOYEES INSURANCE COMPANY, a foreign
corporation doing business in New Mexico,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment and Brief in Support [Doc. 20]. The Court, having considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

### BACKGROUND

On April 24, 2014, Plaintiff Cheyenne Martin was driving a car owned by her brother, Skye Martin, in Albuquerque. Doc. 1-1 at ¶¶ 7-8. Plaintiffs Skye Martin, Kaelan Tassi, and Christopher Tassi were passengers in the car. Id. at ¶ 8. Plaintiffs' car was hit by a car driven by William Tsethlikia. Defendant Derick Weebothee was a passenger in Tsethlikia's car. Id. at ¶ 9; Doc. 20-6 at 3. After the collision, Tsethlikia and Weebothee verbally and physically assaulted one or more Plaintiffs, and then fled the scene on foot. Doc. 1-1 at ¶¶ 11-12.

As a result of the collision and ensuing altercation, on March 9, 2015, Plaintiffs filed a Complaint for Personal Injury and Punitive Damages in state court against Weebothee, Tsethlikia, and GEICO Indemnity Company, as Tsethlikia's insurer ("First Action"). Doc.

1

20-3. Plaintiffs settled the First Action with Tsethlikia and GEICO Indemnity. Id. Pursuant to a Release, Plaintiffs agreed to "release and forever discharge" Tsethlikia and GEICO Indemnity from all claims arising from the accident "including, without limitation, any and all known or unknown claims for property damages, *punitive damages*, bodily or personal injuries or death." Id. at ¶ 6 (emphasis added). The Release "specifically includes any claim, demand, action, or cause of action growing out of the [accident] that could have been asserted" by Plaintiffs sounding, *inter alia*, in "gross negligence, willful or wanton conduct," and "fully includes" "punitive or exemplary damages." Id. at ¶ 7. The parties filed a joint motion to dismiss the action with prejudice, representing that "all issues between Plaintiffs and Defendants William Tsethlikia and GEICO Indemnity Company ha[d] been resolved." Doc. 20-4. On May 11, 2016, the New Mexico district court granted the joint motion, and entered an Order of Dismissal with Prejudice, which dismissed with prejudice the First Action, "together with all causes of action that could have been asserted therein." Doc. 20-5.

Thereafter, on November 8, 2016, Plaintiffs filed their Complaint for Punitive Damages, also in state court, against GEICO, as Plaintiff Skye Martin's insurer, and Weebothee ("Second Action"). Doc. 1-1. GEICO removed the action to this Court on December 28, 2016. Id. at ¶ 4. In the Second Action, Plaintiffs seek "punitive damages against Skye Martin's uninsured motorist automobile policy with Geico." Id. at ¶ 18. That policy provides in relevant part that GEICO "will pay damages for bodily injury and property damage caused by accident which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle, or underinsured motor vehicle or a hit-and-run motor vehicle arising out of the ownership, maintenance or use of that motor vehicle." Doc. 20-7 at 30. In support of their punitive damages claim, Plaintiffs allege, *inter alia*, that: at the time of the collision, "Tsethlikia was

driving his vehicle while under the influence of drugs and/or alcohol;" "[t]he assault and battery of Plaintiffs, by Tsethlikia and Weebothee, was willful, wonton and reckless and gives rise to punitive damages;" "Tsethlikia's driving under the influence of intoxicating liquor and/or drugs was willful, wonton, and reckless and gives rise to punitive damages;" and "Plaintiffs received no compensation for punitive damages under Tsethlikia's liability insurance policy because punitive damages were excluded under the policy." Doc. 1-1 ¶¶ 13-17.

On the instant motion for summary judgment, GEICO argues that there is no evidence to support Plaintiffs' claimed entitlement to recover punitive damages from it under Skye Martin's uninsured/underinsured motorist policy. Plaintiffs oppose the motion.

**STANDARD**

The court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party need not "produce evidence showing the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rather, "the burden on the moving party may be discharged by 'showing' – that is, point out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.*; *see also Sports Unltd., Inc., v. Lankford Enter., Inc.*, 275 F.3d 996, 999 (10th Cir. 2002) (Although "[t]he burden of showing that no genuine issue of material fact exists is borne by the moving party," when "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden by pointing to a lack of evidence for the nonmovant on an essential element of the nonmovant's claim") Once the moving party has met this burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing

3

that there is a genuine issue for trial." *Id.* at 324. In making this showing, the nonmoving party may not rely on "the mere pleadings themselves." *Id.*

For purposes of Rule 56(a), a dispute is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013). "An issue of fact is material if under the substantive law it is essential to the proper disposition of the claim." *Id.* (citation omitted). In other words, "[t]he question . . . is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* (citation omitted). On summary judgment, the court "construe[s] the factual record and the reasonable inferences therefrom in the light most favorable to the nonmoving party." *Mata v. Saiz*, 427 F.3d 745, 749 (10th Cir. 2005).

## DISCUSSION

As an initial matter, the Court notes that the complaint alleges that Plaintiffs' claims are based in part on the alleged assault and battery of Plaintiffs by Weebothee. In their response to GEICO's motion, however, Plaintiffs represent that their "outstanding claims are those solely surrounding the willful and wonton acts of Tsethlikia's driving under the influence of alcohol and his failure to render aid to Plaintiffs after the subject collision." Doc. 21 at 3. The Court thus limits its analysis to whether Plaintiffs are entitled to recover punitive damages based on their allegations regarding Tsethlikia.

Plaintiffs claim that they are entitled to recover punitive damages from GEICO under the uninsured motorist provision of Skye Martin's policy because, although they settled their claims with Tsethlikia and his insurer, Tsethlikia's insurance policy did not provide for punitive damages. Under New Mexico's Uninsured Motorist Statute, all automobile liability insurance

4

policies must include coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." N.M.S.A. 66-5-301(A). This statute, which is liberally interpreted "in order to implement its remedial purpose," contains two limitations: "the insured [must] be legally entitled to recover damages and [] the negligent driver must be uninsured or underinsured." *Farmers Ins. Co. of Arizona v. Sandoval*, 253 P.3d 944, 947/ (N.M. Ct. App. 2011). The New Mexico Supreme Court has held that "uninsured motorist coverage includes coverage for punitive damages." *Stewart v. State Farm Mut. Auto. Ins. Co.*, 726 P.2d 1374, 1376 (N.M. 1986). Accordingly, "an insured may recover punitive damages from his insurer if he would be legally entitled to recover them from the uninsured tortfeasor." *Id.* at 1377.

Here, GEICO argues that there is an absence of evidence to demonstrate either that: (1) Plaintiffs are legally entitled to recover punitive damages from Tsethlikia; or (2) Tsethlikia is "uninsured or underinsured." Accordingly, GEICO's argument continues, Plaintiffs cannot meet the requirements of the statute and, as a matter of law, their claims for punitive damages under Skye Martin's uninsured motorist policy must fail. As set forth herein, the Court agrees.

First, in order to recover punitive damages from GEICO, Plaintiffs must demonstrate that Tsethlikia was "uninsured or underinsured." It is undisputed that Tsethlikia had an automobile insurance policy; accordingly, he was not "uninsured" for purposes of the relevant statute. *Manzanares v. Allstate Ins. Co.*, 141 P.3d 1281, 1283 (N.M. Ct. App. 2006) (explaining that the New Mexico regulations provide that the definition of an "uninsured vehicle" is not to include a vehicle that is insured). An "underinsured motorist," however, is defined as "one who has bodily injury liability limits that are less than the insured's UIM coverage." *Id.* (quoting NMSA 1978, § 66-5-301(B)). "Since one may recover punitive damages under one's UIM

5

coverage," if Tsethlikia's policy did not allow for punitive damages, then Tsethlikia's "bodily injury liability limits" would be less than Skye Martin's UIM coverage, and Tsethlikia would qualify as an "uninsured motorist." *Id.*

Here, however, in its motion, GEICO pointed out the "absence of evidence" that Tsethlikia's policy excluded punitive damages. *See Celotex*, 477 U.S. at 324-25. In light of GEICO's motion, Plaintiffs were obligated to "designate specific facts" – beyond the "mere pleadings themselves" – to demonstrate that Tsethlikia's policy did, in fact, exclude punitive damages. *Id*. Plaintiffs did not respond to GEICO's argument much less submit any evidence that Tsethlikia's policy excluded punitive damages. Accordingly, Plaintiffs failed to meet their burden. In the absence of evidence demonstrating that Tsethlikia's policy excluded punitive damages, Plaintiffs have failed to raise a genuine dispute that Tsethlikia was not an "underinsured motorist." GEICO is entitled to judgment as a matter of law on this basis alone.

GEICO is similarly entitled to judgment as a matter of law on the additional, independent ground that there is an "absence of evidence" that Plaintiffs are legally entitled to recover punitive damages from Tsethlikia. Specifically, in its motion, GEICO pointed out that in the First Action, Plaintiffs reached a settlement with Tsethlikia and his insurer. As noted above, pursuant to that settlement, Plaintiffs agreed to "release and forever discharge" Tsethlikia and his insurer from all claims arising out of the accident, "including, without limitation, any and all known or unknown claims for property damages, *punitive damages*, bodily or personal injuries or death." Doc. 20-3 (emphasis added). The Release "specifically includes any claim, demand, action, or cause of action growing out of the [accident] that could have been asserted" by Plaintiffs sounding, *inter alia*, in "gross negligence, willful or wanton conduct," and "fully includes" "punitive or exemplary damages." Id. at ¶ 7. The parties filed a joint motion to

6

dismiss the First Action with prejudice, representing that "all issues between Plaintiffs and Defendants William Tsethlikia and GEICO Indemnity Company ha[d] been resolved." Doc. 20-4. On May 11, 2016, the New Mexico district court granted the joint motion, and entered an Order of Dismissal with Prejudice, which dismissed with prejudice the First Action, "together with all causes of action that could have been asserted therein." Doc. 20-5.

In its motion, GEICO points out that, having released Tsethlikia and his insurer from any further claims arising out of the accident, expressly including claims for punitive damages, Plaintiffs are not "legally entitled to recover" punitive damages from Tsethlikia. In response to GEICO's motion, Plaintiffs fail to acknowledge the Release, much less address its legal significance, or provide any evidence to suggest that, despite the Release, they are somehow legally entitled to recover punitive damages from Tsethlikia. In the absence of such evidence, Plaintiffs have failed to meet their burden of raising a genuine dispute that they are not "legally entitled to recover" punitive damages from Tsethlikia.

For the foregoing reasons, there is no genuine dispute that Plaintiffs are not legally entitled to recover damages and that Tsethlikia is neither uninsured nor underinsured. Plaintiffs thus do not meet the requirements of New Mexico's Uninsured Motorist Statute. Accordingly, as a matter of law, Plaintiffs are not entitled to recover punitive damages from GEICO under the uninsured motorist provision of Skye Martin's policy.

**CONCLUSION**

In the face of GEICO's motion showing that there is an absence of evidence to support Plaintiffs' claims for punitive damages, Plaintiffs failed to come forward with specific facts showing that there is a genuine dispute as to whether they are legally entitled to recover damages and as to whether Tsethlikia is uninsured or underinsured. Plaintiffs' legal entitlement to

7

recover damages and Tsethlikia's status as an uninsured or underinsured motorist are essential to Plaintiffs' claims. Accordingly, a rational fact finder could not resolve the issue of Plaintiffs' entitlement to punitive damages in Plaintiffs' favor. GEICO thus is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment and Brief in Support [Doc. 20] is **GRANTED**.

DATED this 30th day of July, 2018.

_____
MARTHA VÁZQUEZ
United States District Judge